## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE TROXELL, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 18-1793 |
| COMMISSIONER OF SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this *13th* day of July, 2020, upon consideration of the Report and Recommendation of United States Magistrate Judge Richard A. Lloret (Doc. No. 22), Defendant's Objections (Doc. No. 25), and Plaintiff's Response to the Objections (Doc. No. 26), I find as follows:

1. On November 20, 2014, Plaintiff Connie Troxell filed a claim for social security benefits, alleging disability, since September 30, 2012, based on thyroid conditions, recurring bronchitis, residual conditions from surgery, her use of a cane, and a broken right ankle with plates, screws, and bone filler.

2. On April 21, 2015, after the state agency initially denied Plaintiff's claim, she sought review by an administrative law judge ("ALJ"), and a hearing was held on February 23, 2017.

3. On May 10, 2017, the ALJ issued a decision partially denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review.

4. On April 27, 2018, Plaintiff filed a federal Complaint appealing the final decision of the Commissioner of Social Security.

5.  Subsequently, on June 21, 2018, the United States Supreme Court issued a decision in Lucia v. Securities Exchange Commission, 138 S. Ct. 2044 (2018), holding that an ALJ of the Securities Exchange Commission ("SEC") exercises authority comparable to that of a federal district judge.  Therefore, the Supreme Court found that the ALJ was an officer of the United States whose appointment must comport with the Appointments Clause of the U.S. Constitution, art. II, § 2, cl. 2.[1]  The ALJ who had issued the challenged decision in that case, had been appointed by SEC staff members, rather than by the head of the SEC, the President, or a court of law.  The Court determined that the appropriate remedy for "one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case," is a "new hearing before a properly appointed official." Id. at 2055 (internal quotations omitted).  In turn, the Court remanded the case for further proceedings.

6.  On August 16, 2018, after issuance of the Lucia decision, Plaintiff filed her Brief and Statement of Issues in support of her Request for Review, but did not raise an Appointments Clause challenge.  The Commissioner submitted a response brief, and, on October 26, 2018, Plaintiff filed a reply brief, again with no Appointments Clause challenge.

--------

[1]     This constitutional provision states:

> [A]nd [the President] shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law: but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. art. II § 2, cl. 2.

7.  On October 30, 2018, I referred the matter to United States Magistrate Judge Richard A. Lloret for a Report and Recommendation ("R&R").

8.  While the matter was pending before Judge Lloret, numerous social security claimants within the Third Circuit litigated before district court judges the issue of whether an Appointments Clause challenge could be raised in a federal appeal if it was not raised before the ALJ in administrative proceedings.  Some district court judges found that the failure to timely raise the Appointments Clause challenge before the ALJ and throughout the administrative process was fatal to such a challenge at the district court level.  Other judges determined that an Appointments Clause challenge did not require administrative exhaustion.  Compare Muhammad v. Berryhill, 381 F. Supp. 3d 462, 469 (E.D. Pa. 2019) with Culclasure v. Comm'r of Soc. Sec. Admin., 375 F. Supp. 3d 559, 569 (E.D. Pa. Apr. 16, 2019).

9.  On January 23, 2020, the United States Court of Appeals for the Third Circuit resolved that split in the case Cirko on behalf of Cirko v. Commissioner of Social Security, 948 F.3d 148 (3d Cir. 2020).  The Court framed the issue as "whether claimants for Social Security disability benefits must exhaust Appointments Clause challenges before the very administrative law judges (ALJs) whose appointments they are challenging." Id. at 152. The Third Circuit found that administrative exhaustion was not required.  Id. at 159.

10. Following Cirko, Judge Lloret *sua sponte* ordered both parties to submit a short memorandum regarding what impact, if any, Cirko had on Plaintiff's case.  Thereafter, Judge Lloret issued an R&R on February 28, 2020.  He noted that although Defendant conceded that the ALJ who decided Plaintiff's case had been improperly appointed in violation of the Appointments Clause of the U.S. Constitution, Defendant contended that

Plaintiff had waived or forfeited her Appointments Clause challenge by not timely raising it in federal court.  Rejecting that argument, Judge Lloret recommended that the matter be remanded to the Commissioner for further proceedings

11. Defendant filed Objections to the R&R, again arguing that Plaintiff failed to raise her Appointments Clause challenge until almost two years after she filed her federal action and only in response to Judge Lloret's *sua sponte* request for briefing about the impact of Cirko.  Defendant posited that waiver and/or forfeiture resulted from Plaintiff's failure to timely raise this issue either (a) in the administrative process or (b) in federal court.

12. Defendant's first waiver argument is expressly foreclosed by the Third Circuit's ruling in Cirko that social security claimants need not raise an Appointments Clause challenge to the ALJ in order to preserve that issue.  Subsequent to the filing of Defendant's objections, the Third Circuit in Cirko denied a petition for rehearing *en banc*.  Time for seeking review by the United States Supreme Court has now passed, rendering Cirko a final decision. As I am bound by this precedential ruling, I will overrule this portion of Defendant's objection.

13. Defendant also argues that Plaintiff waived and/or forfeited her Appointments Clause challenge by not raising it in either her opening or reply briefs in federal court, even after Lucia was issued.  On this point, I agree with Judge Lloret that the doctrines of waiver and forfeiture are "not unyielding" and that "extraordinary circumstances" exist to warrant considering a "serious Appointments Clause challenge."  (R&R 5, 6.)

14.  As a primary matter, the issue here is forfeiture, rather than waiver.  A waiver is the intentional relinquishment or abandonment of a known right, while a forfeiture is the failure to make the timely assertion of a right, such as the inadvertent failure to raise an

argument.  Schaffer v. Saul, 19-1153, 2020 WL 2526938, at *2 (W.D. Pa. May 18, 2020) (citing Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136 (3d Cir. 2017)); see also Waldor v. Saul, No. 18-1165, 2020 WL 2557340, at *2 (W.D. Pa. May 20, 2020) (noting that a forfeiture occurs when a party negligently fails to raise an issue in an opening brief).  "The distinction is important because 'a federal court has the authority to resurrect only forfeited claims.'"  Schaffer, 2020 WL 2526938, at *2 (quoting Barna, 877 F.3d at 146 n.7 (further quotations omitted)).  Absent any indication that Plaintiff here intentionally abandoned her Appointments Clause claim, I do not find that waiver applies.

15. The next question is whether Plaintiff's forfeiture of her Appointments Clause claim precludes me from considering it.  Although courts generally will not reach a forfeited issue absent "exceptional circumstances," they are more apt to do so when the forfeited issue is purely legal in nature.  Barna, 877 F.3d at 147.  Courts will reach "a pure question of law even if not raised below when refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance."  Id. (quoting Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005)).  Situations that may constitute exceptional circumstances include uncertainty or intervening changes in the law.  See id. (citing Flynn v. Comm'r of I.R.S., 269 F.3d 1064, 1068-69 (D.C. Cir. 2001)).

16. Here, although Lucia had been decided when Plaintiff filed her briefs in support of her Request for Review, Cirko had not.  Lucia dealt only with an Appointments Clause argument in the context of an SEC enforcement proceeding, not in the context of a social security disability claim.  Moreover, as acknowledged by Defendant, "the vast majority

of district courts" that adjudicated post-<u>Lucia</u> Appointments Clause challenges held that plaintiffs who had not raised such challenges at the administrative level had forfeited them. (Def.'s Objections 6.) Thus, the post-<u>Lucia</u>, pre-<u>Circo</u> legal environment rendered an Appointments Clause challenge in a social security setting somewhat tenuous.

17. The Third Circuit's decision in <u>Cirko</u> altered that landscape by concluding that a social security plaintiff was not required to raise an Appointments Clause challenge at the administrative level. Within days of <u>Cirko</u>'s issuance, Judge Lloret sought, and the parties submitted, briefing regarding <u>Cirko</u>'s impact on this case. Notably, Defendant did not contest that the Appointments Clause challenge had merit, but rather rested its opposition on Plaintiff's failure to previous raise the issue.

18. Given this backdrop, the issuance of <u>Cirko</u> constituted "exceptional circumstances" that warrant consideration of Plaintiff's belatedly-raised Appointments Clause argument. <u>Cirko</u> effectuated an intervening change on a purely legal question of public importance. The Third Circuit has emphasized the gravity of an Appointments Clause challenge, remarking that "we chart our course by instructing that Appointments Clause challenges—given their importance to separation of powers and, ultimately, individual liberty—are claims for which a hearing on the merits is favored." <u>Id.</u> at 155. The Court noted that this constitutional right was particularly critical in the context of a claim for disability benefits:

> The need to protect those individual rights is especially acute, however, where, as here, claimants' "physical condition and dependency on the disability benefits" are at issue. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 331 (1976). Disability benefits are usually claimants' primary source of income—highlighting the need for both the appearance and reality of fair adjudicators appointed impartially under the Appointments Clause and making the "nature of [a disability] claim" an "important factor[ ]" in determining

whether to take federal jurisdiction over a procedurally flawed administrative appeal, id. at 331 n.11.  Indeed, we have said that in such cases "the claimant's interest in having the constitutional issue resolved promptly is so great that further deference to agency procedures is inappropriate."  Mattern v. Mathews, 582 F.2d 248, 253 (3d Cir. 1978).

In short, the individual interest in [a social security claimant's] Appointments Clause challenge being heard on the merits is high, and an exhaustion requirement would seriously erode it.

Id. at 157.

19. Moreover, Judge Lloret correctly found that a refusal to reach the issue based on forfeiture would result in a miscarriage of justice.  As Judge Lloret cogently remarked, there is "a more general concern about the public perception of fairness.  Many other social security litigants have received remands based on an Appointments Clause lapse no different in kind or severity than the error in this case.  There is no dispute that Cirko applies and would require remand, if not for [Plaintiff's] failure to timely raise the issue. The doctrines of waiver and forfeiture are useful and necessary, but should not be applied to deprive a litigant of rights to which she is manifestly entitled."  (R&R 8.)

20. Indeed, numerous cases have found that a plaintiff's failure to raise an Appointments Clause challenge in a request for review of a social security ruling filed pre-Cirko did not result in forfeiture of that issue.  See, e.g., Hiben v. Saul, No. 18-1590, 2020 WL 2571895, at *2 (W.D. Pa. May 20, 2020) (finding, where plaintiff's opening brief filed before Cirko did not raise any Appointments Clause issues and where the court sought supplemental briefing as to the impact of Cirko, that plaintiff did not forfeit the issue and remand was warranted for a new hearing before a properly-appointed ALJ); Lenz v. Saul, No. 19-489, 2020 WL 2571902, at *2 (W.D. Pa. May 20, 2020) (same); Schaffer v. Saul, No. 19-1153, 2020 WL 2526938, at *3 (W.D. Pa. May 18, 2020) (holding that the court

has discretion to consider the Appointments Clause issue despite the plaintiff's failure to raise it in her motion for summary judgment); <u>Grant for A.D. v. Saul</u>, No. 18-1338, 2020 WL 1531664 (E.D. Pa. Mar. 31, 2020) (finding that the "the Court should exercise its discretion to overlook [the plaintiff's] forfeiture here" because "[t]he Appointments Clause issue raised in this case is purely legal, and refusing to reach this issue would result in a miscarriage of justice"); <u>Grant v. Saul</u>, No. 19-2555, 2020 WL 977323, at *3–4 (E.D. Pa. Feb. 28, 2020) (finding that extraordinary circumstances relating to Appointments Clause issue in social security disability context weighed in favor of relaxing the ordinary forfeiture rule). As such, the public perception of fairness demands consistency in this case.

21. Finally, I find no unfair prejudice or surprise to Defendant. Defendant was given notice of the <u>Lucia</u>/<u>Cirko</u> issues and the opportunity to brief these issues as they relate to this particular case. As Judge Lloret also remarked, Defendant has been actively litigating this identical Appointments Clause issue for two years in the context of other social security disability cases, which has culminated in the Third Circuit's ruling in <u>Cirko</u>.

**WHEREFORE**, it is hereby **ORDERED** that:

a. The Report and Recommendation of the United States Magistrate Judge Richard A. Lloret is **APPROVED** and **ADOPTED**;

b. Defendant's Objections are **OVERRULED**;

c. Plaintiff's Request for Review  is **GRANTED**, and the matter is **REMANDED** in accordance with the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security for further proceedings consistent with the Report and Recommendation;

d.   The Clerk of Court shall mark this case **CLOSED**;

**BY THE COURT:**

  _/s/_      _Mitchell S. Goldberg_____
**MITCHELL S. GOLDBERG,    J.**